Charles H. George et al., Appellants, *v.* Richard S. Grant et al., Respondents.

As to whether, under the provision of the Limited Partnership Act (1 R. S. 767, § 21), declaring void, as against the creditors of the partnership, all sales, assignments or transfers by a general or special partner of his

property, and all liens created by him thereon " when insolvent, or in contemplation of insolvency of the partnership, with the intent of giving to any creditor of his own or of the partnership a preference over creditors of the partnership," an assignment, transfer or mortgage by a special partner of his individual property to secure his individual debts, made when he or the firm is insolvent, is prohibited, *quære.*

The provision, in any view, does not avoid a mortgage given by a special partner in a limited partnership upon his individual property, when he and his firm are insolvent, to secure a loan made to him, in good faith and in ignorance, upon the part of the lender, of the fact of such insolvency, for the purpose of enabling him to pay his individual debts, although the purpose was known to the lender and among the debts was one to a firm, of which he is a member.    The mortgage does not create or secure any preference; this, if any exists, results from the application of the money after it has been advanced.

Where such a mortgage also secures an indebtedness of the mortgagor to the mortgagee, this does not invalidate the entire security ; the only effect, if any, is to render the mortgage inoperative so far as it secures the prior indebtedness, leaving it to stand as a valid security to the extent of the fresh consideration.

(Argued October 20, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 27, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.    (Reported below, 28 Hun, 69.)

This action was a creditor's suit to set aside certain mortgages made by the defendant Palmer, a special partner in the firm Vose, Dinsmore & Co., alleged to have been made in violation of section 21 of the act of Limited Partnerships.    (1 Rev. Stat. 767.)

The mortgages were for the sum, in the aggregate, of $70,000, dated November 11, 1876, upon the individual property of the mortgagor, and were executed by him to the defendant Richard S. Grant, as security, for the sum of $66,500, money advanced by him to the mortgagor, at and soon after the date of the mortgages, and also for a debt then owing by the mortgagor to the mortgagee.    The plaintiffs are judgment creditors of the firm Vose, Dinsmore & Co, upon an indebtedness which accrued prior to the execution of the mort-

gage. The defendant Palmer, as the evidence tends to show, was insolvent when the mortgage was executed, and on the 18th day of December thereafter, made a general assignment of his property for the benefit of creditors. The firm of Vose, Dinsmore & Co. was also insolvent when the mortgages were executed, but its open insolvency was not declared until December 26, 1876, when it also executed a general assignment of its effects. The $66,500 obtained by Palmer upon the mortgage was borrowed for the purpose of enabling him to pay individual debts, and, among others, a debt of $21,500, owing by him to the firm of Grant & Co., of which the mortgagee was a member. This purpose was known to 'the mortgagee, and the money was advanced by him to enable the mortgagor to pay this and other debts owing by him, and was applied by him to that purpose. The evidence tended to show that the defendant Palmer, when he executed the mortgage, had knowledge both of his own insolvency and of the insolvency of the firm of Vose, Dinsmore & Co.; but it affirmatively appeared that the defendant Richard S. Grant, when he took the mortgage and advanced the $66,500, had no knowledge or notice of the insolvency of either the mortgagor, Palmer, or of the firm of Vose, Dinsmore & Co., and *also* that he was informed, and believed, that the amount advanced on the mortgages would pay all the individual debts of the mortgagor aside from the debt of $2,500, intended to be secured thereby.

The mortgage was foreclosed prior to the commencement of this action for the amount of money advanced thereon, and the mortgaged premises were bid in by the defendant Forster for the benefit of the mortgagee.

*B. F. Blair* for appellants. A general partnership may give preferences among its creditors. A limited partnership cannot. (*Van Alstyne* v. *Cook*, 25 N. Y. 492.) Any member of a general partnership may so dispose of his individual property as to give preferences; no member of a limited partnership can do so. (*Fanshawe* v. *Lane*, 16 Abb. 71; *Artisans' Bk.* v. *Treadwell*, 34 Barb. 561; *Van Alstyne* v. *Cook*, 25 N.

Y. 489; *Galway* v. *U. S. Sugar Refining Co.*, 36 Barb. 262; *Loeschigk* v. *Hatfield*, 51 N. Y. 660; *White* v. *Hackett*, 20 id. 178; *Mills* v. *Argall*, 6 Paige, 577.) The transaction between Palmer and Grant was within the inhibition of the statute, because Palmer was a special partner in a limited partnership, and being personally insolvent, and acting after and in contemplation of the insolvency of the partnership, he gave a security to Grant with the intent of giving him and others of his own creditors a preference over the creditors of the partnership. (20 Hun, 372–375; *Becker* v. *Howard*, 4 id. 359; 66 N. Y. 5; *Corning* v. *Smith*, 2 Seld. 82; *Lewis* v. *Smith*, 5 id. 514; *Jackson* v. *Vedder*, 3 Johns. 8, 12; *De Graff* v. *Hovey*, 16 Abb. Pr. 120; *Thomas* v. *Hubbell*, 15 N. Y. 405; *Owings* v. *Hull*, 9 Pet. 607, 624; *Sharp* v. *Freemm*, 45 N. Y. 803; 1 Greenleaf on Evidence, § 522.) When an instrument is void in part because, as to that part, it was made in contravention of a statute, it fails entirely. (*Crawford* v. *Morrell*, 8 Johns. 253; *Hyslop* v. *Clarke*, 14 id. 458; *Austin* v. *Bell*, 20 id. 442; *Grover* v. *Wakeman*, 11 Wend. 182; *Goodrich* v. *Downs*, 6 Hill, 438; *Van Alstine* v. *Wimples*, 5 Cow. 162; *Mackie* v. *Cairns*, id. 548; *Burt* v. *Place*, 6 id. 431; *Brown* v. *Brown*, 34 Barb. 533; *Rogers* v. *Hosack's Ex'rs*, 18 Wend. 334; *Gibson* v. *Green*, 3 Johns. Ch. 56; *S. C.*, 28 How. 468; *Hale* v. *Omaha Nat. Bk.*, 1 J. & S. 40.) A conveyance, even if for a valuable consideration, must also be *bona fide*. If made with intent to defraud creditors it will be void. (3 Coke, 81; 1 Story's Eq. Jur. § 369; *Baker* v. *Bliss*, 39 N. Y. 70.)

*Samuel Hand* for respondent Grant. The mortgage having been made to obtain advances of money by Palmer to pay his individual debts, which were liens upon his individual property, and not upon any property of Vose & Co., was valid. (*Hewitt* v. *Northrup*, 75 N. Y. 506.) The execution of the mortgage to Grant was not giving a preference over creditors of the partnership. (*Burnhisel* v. *Firman*, 22 Wall. 178; *Cook* v. *Tulis*, 18 id. 340; *Miller* v. *Keys*, 3 Bank. R.

224; *Haas* v. *O'Brien*, 66 N. Y. 603.) As Grant neither knew nor had reason to believe that Palmer was insolvent, or that the limited partnership was insolvent, the mortgages were valid securities for the money actually advanced thereon. (*Parker* v. *Connor*, 93 N. Y. 119; *Sternes* v. *Gage*, 79 id. 102; *Wilson* v. *City Bank*, 17 Wall. 473; *Mays* v. *Fritton*, 20 id. 414; *Cook* v. *Tulis*, 18 id. 332; *National Bank* v. *Warren*, 96 U. S. 539; *Burdick* v. *Jackson*, 14 N. Y. Supr. 488; *Tiffany* v. *Boatman's Inst.*, 18 Wall. 376; *Clark* v. *Isline* 10, Blatchf. 204; *Bentley* v. *Wells*, 61 Ill. 59; *Burnhisel* v. *Firman*, 22 Wall. 170.) Even where the law prohibits preferences it has never been held that to lend money to a debtor to enable him to give a forbidden preference was a violation of such a law, and invalidated any security taken for such loan. (*Wilson* v. *City Bank*, 17 Wall. 473; *Carpenter* v. *Muren*, 44 Barb, 300; Hilliard on Mortgages, vol. 1, chap. 21, § 4; *Aiken* v. *Morris*, 2 Barb. Ch. 140.) The foreclosure sale is a bar to any claim by the plaintiffs. (*Sheridan* v. *Andrews*, 49 N. Y. 478.)

*Frederick P. Forster* for respondents Palmer and James Foster, Jr. The transaction between Palmer and Grant was not within the prohibitions of the statute. (2 R. S., §§ 20, 21, tit. 1, chap. 4.) At common law the appropriation by a member of an insolvent firm, whether special or general, of his individual property to the payment in full or *pro rata* of his individual debts is not prohibited. (*Wilder* v. *Keeler*, 3 Paige, 167; *Payne* v. *Mathews*, 6 id. 19; *Meech* v. *Allen*, 17 N. Y. 300; *Hewitt* v. *Northrup*, 75 id. 506.) The execution of the mortgages by Palmer was not giving a preference of any indebtedness. (*Cook* v. *Tulis*, 18 Wall. 340; *Burnhisel* v. *Firman*, 22 id. 178; *Miller* v. *Keys*, 3 Bank. Rep. 224; *Haas* v. *O'Brien*, 66 N. Y. 603.) A statute forbidding preferences by an insolvent does not preclude him from mortgaging or pledging property to secure present or future advances obtained on the faith of such mortgages or pledges, nor does such a statute invalidate the mortgage or pledge given to secure such advances.

(*Wilson* v. *City Bank*, 17 Wall. 473; *Mays* v. *Fritton*, 20 id. 414; *Clark* v. *Iselin*, 10 Blatchf. 204; 21 Wall. 360; *National Bank* v. *Warren*, 96 U. S. 539; *Bentley* v. *Wells*, 61 Ill. 59; *Tiffany* v. *Boatman's Inst.*, 18 Wall. 376.)

*George H. Forster*, respondent, in person. The disposition made by Palmer of the money borrowed on the bond and mortgages was proper and in accordance with law. (*Hewitt* v. *Northrup*, 75 N. Y. 506, 509.) The execution of the mortgages to Grant was not giving a preference over creditors of the partnership, and there is no ground for claiming that an equitable disposition of Palmer's estate is in violation of the law, which was aimed at fraud and to prevent preferences. (*Burnhisel* v. *Firman*, 22 Wall. 178; *Cook* v. *Tulis*, 18 id. 340; *Miller* v. *Keys*, 3 Bank. R. 224; *Haas* v. *O'Brien*, 66 N. Y. 603.) As Grant neither knew, nor had reason to believe, that Palmer was insolvent, or that the limited partnership was insolvent, the mortgages were valid securities for the money actually advanced thereon, to which extent only they were enforced in the foreclosure. (*Wilson* v. *City Bank*, 17 Wall. 473; *Mays* v. *Fritton*, 20 id. 414; *Cook* v. *Tulis*, 18 id. 332; *Burdick* v. *Jackson*, 14 N. Y. Super. Ct. 488; *Tiffany* v. *Boatmans' Institute*, 18 Wall. 376; *Clark* v. *Iselin*, 10 Blatchf. 204; 21 Wall. 360; *Bentley* v. *Wells*, 61 Ill. 59; *Burnhisel* v. *Firman*, 22 Wall. 170.) A creditor is entitled to enjoy all the benefits of his superior activity and diligence, and securities given for actual advances are not preferences. (*Wilson* v. *City Bank*, 17 Wall. 473; *Carpenter* v. *Muren*, 42 Barb. 300.) Fraud in procuring a mortgage is no defense to a bill for foreclosure, unless committed by the mortgagee or his agents, or with his knowledge, at the time of taking the mortgage. (Hill. on Mort. vol. 1, chap. 21, § 4; *Aikin* v. *Morris*, 2 Barb. Ch. 140.) The foreclosure sale is a bar to any claim by the plaintiffs. (*Sheridan* v. *Andrews*, 49 N. Y. 478.)

ANDREWS, J. We deem it unnecessary to determine the question which has been elaborately argued by counsel, whether

by the true construction of the twenty-first section of the Limited Partnership Act, an assignment, transfer or mortgage by a special partner of his individual property, to secure his individual debts, made at a time when either the special partner or the special partnership firm is insolvent, is prohibited by that section, and made void as against the creditors of the partnership. The twentieth section avoids as against the creditors of the partnership all preferential transfers or assignments by a limited partnership of the firm effects, when the partnership, or any member thereof, is insolvent, or when made in contemplation of such insolvency.

The twenty-first section is as follows : "Every such sale, assignment or transfer of any of the property or effects of a general or special partner, made by such general or special partner when insolvent, or in contemplation of insolvency of the partnership, with the intent of giving to any creditor of his own, or of the partnership, a preference over creditors of the partnership, and every judgment confessed, lien created, or security given by any such partner, under the like circumstances and with the like intent, shall be void as against the creditors of the partnership."

It is claimed by the plaintiffs that this section by its true meaning deprives a special partner of the right to administer his individual property for the benefit of his individual creditors, in case of his own insolvency, or the insolvency of the limited partnership of which he is a member, and that every transfer, or security, made or created by him, of his individual property in favor of his individual creditors, under these circumstances is, as to the firm creditors, by force of the statute, void. It must be admitted that the language of the section is very broad. If the plaintiffs' construction is the true one, the statute upon the insolvency either of the firm, or of the special partner, sequesters all the individual property of the latter, and prevents him from appropriating it by way of preferential transfer to the payment of, or as security for, his individual debts. It is difficult to perceive upon what reason such a legislative interference proceeds, since the statute does

not undertake to prescribe the rule of final distribution, or prevent the court from marshaling the assets in accordance with the equitable principle that upon insolvency firm creditors are entitled to be first paid out of firm assets, and individual creditors out of individual assets. It is also difficult to understand how the appropriation of the individual property of the special partner to the payment of his individual debts can affect the rights of the firm creditors, or constitute as to them a preference, since neither the special partner nor his individual property is liable for the partnership debts.

Without determining the true construction of the statute in this respect, but assuming that the construction insisted upon by the plaintiffs is the true one, we are, nevertheless, of the opinion that the plaintiffs cannot maintain this action, for the reason that the mortgages in question were not, upon the facts proved, preferential securities within the twenty-first section. The section avoids securities created by the special partner with "intent of giving to any creditor of his own, or of the partnership, a preference over creditors of the partnership."

The transaction between the mortgagor and mortgagee was, to the extent of $66,500, a borrowing and loan of money upon the security of the mortgages. So far as the mortgages were given to secure the individual debt of $2,500 owing by the mortgagor to Grant, they were upon the assumption made invalid and void, and were so treated in the foreclosure action. Laying that feature of the transaction out of view, and regarding the evidence in the view most favorable to the plaintiffs, it is the case of an insolvent member of an insolvent limited partnership borrowing of a third person a sum of money for the purpose of paying his individual debts, and among others, a debt to a firm of which the lender was a member, and giving to the lender a mortgage on his individual property to secure the loan, the lender when he advanced the money having no knowledge or notice of the insolvency either of the firm or of the mortgagor, but being informed of the purpose to which the money was to be applied. This transaction was not, we think, within the statute. The preference of

the debts paid out of the proceeds of the mortgages was not effected through the instruments themselves. They did not create or secure any preference. The preference, if any existed, resulted from the application of the money after it had been advanced by the mortgagee, and received by the mortgagor. It could never have been intended to invalidate securities given by a member of a limited partnership on his individual property to secure a loan made in good faith, and without any fraud or collusion on the part of the lender to defeat the statute, simply because the lender knew that the money loaned was to be used to pay debts of the mortgagor, and among others a debt to a firm in which the mortgagee was interested. Such a doctrine would be very dangerous in practice, and create great uncertainty in the transactions of banks and individuals, since it would impose upon a lender the necessity of inquiring and ascertaining at his peril, whether the borrower was a member of a limited partnership, and if so, as to his solvency and the solvency of the limited partnership firm.

The fact that part of the money borrowed was to be applied in paying the debt of Grant & Co., of $20,000, is we think, immaterial. The position of the mortgagee was essentially changed by the loan. He had a third interest in the debt of Grant & Co. He became by virtue of the loan the creditor individually of the mortgagor to the extent of $66,500. If the plaintiffs have any remedy to pursue the money paid to the creditors of Palmer, that relief cannot be granted in this action. It was not framed with that view, nor are the proper parties to such an action before the court.

The effect of including in the mortgages the debt of $2,500 owing by Palmer to Grant, did not, we think, invalidate the entire security. It is not the case of an illegal transaction in which both parties are in *pari delicto*, where the court will refuse to aid either. The defendant Grant, upon the undisputed proof, was innocent of any intention to evade the statute, or to defraud the creditors of Palmer. The duty of the court in this case was discharged when it eliminated the vicious ele-

ment in the transaction, leaving the mortgages to stand as a valid security to the extent of the fresh consideration.

Upon the view we have taken of the main question, the exceptions to the admission or rejection of evidence become wholly immaterial. We have assumed that Palmer, when he executed the mortgages, knew that he was individually insolvent, and had knowledge also of the insolvency of Vose, Dinsmore & Co. Having reached the conclusion that upon this assumption the action cannot be maintained, the exclusion of evidence tending to prove one or both these facts was immaterial. The admission of the record in the foreclosure action, if inadmissible, was harmless, and so also was the proof of the conversation between Palmer and Grant, tending to show that the mortgages were executed in pursuance of a prior promise, upon the faith of which the debt to Grant & Co. was contracted.

We think the case was correctly decided, and the judgment should therefore be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.